**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JEREMY LAYMANCE and MORGAN LAYMANCE, | § § § § § § | |
| Plaintiffs, | § § | Case No. 6:19-CV-45-JDK-JDL |
| v. | § § | |
| GREG TAYLOR, RONNIE FOSTER, MATTHEW HESTER, SHARON VAN COMPERNOLLE, and JOHN VAN COMPERNOLLE, | § § § § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636. Docket No. 3. The Report and Recommendation of the Magistrate Judge (Docket No. 43, the "Report"), which contains his findings, conclusions, and recommendations regarding Defendants Greg Taylor, Ronnie Foster, and Matthew Hester's Motion to Dismiss (Docket No. 39) has been presented for consideration. The Report recommends the motion be granted as to all of Plaintiffs' claims against Defendants Taylor and Hester, but denied as to Plaintiffs' Fourth Amendment claim against Defendant Foster. Docket. No. 43 at 1–2. The Report also recommends that all claims against Defendants Sharon Van Compernolle and John Van Compernolle be dismissed with prejudice. *Id.* On May 27, 2020, Plaintiff Jeremy Laymance filed objections to the Report. Docket No. 45.

In this action, Plaintiffs allege violations of their Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, as well as claims for abuse of

process, conspiracy, and malicious prosecution stemming from a series of incidents that ultimately resulted in Plaintiffs losing custody of their child, J.L. Docket. No. 7. The Court issued two previous Reports and Recommendations dismissing Plaintiffs' claims against former Defendants Jeffrey Coe and Felicia Hickerson. Docket. Nos. 24, 36. Defendants Greg Taylor, Ronnie Foster, and Matthew Hester then filed a motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief may be granted. Docket. No. 39.

The Court reviews objected-to portions of the Magistrate Judge's Report and Recommendation de novo. *See* FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court conducting a de novo review examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). The Court reviews all other aspects of the Report and Recommendation to determine whether it is clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989).

Applying that standard of review here, the Court concludes that Plaintiffs' objections are without merit and that the findings and conclusions of the Magistrate Judge are correct. Plaintiff's first objection is that the Report's recommendation of dismissal of the Van Compernolles conflicts with a holding from the United States District Court for the Eastern District of Arkansas, where Plaintiffs had filed a parallel action. Docket No. 45 at ¶¶ 2, 4; *see Laymance v. Shourd, et al.*, No. 4:17-CV-00303-DPM-JTR, Docket No. 26. In that action, the court performed a review of Plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e)(2) and held that Plaintiffs had

provided sufficient details to state "plausible claims for malicious prosecution and abuse of process" against the Van Compernolles. *Laymance v. Shourd, et al.*, No. 4:17-CV-00303-DPM-JTR, Docket No. 26 at ¶ 6.

As an initial matter, the Court is not bound to follow the decision of the district court in Arkansas. *See, e.g., Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (internal citations omitted) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."). Further, the Plaintiffs' amended complaint in the Arkansas action includes numerous allegations of specific acts by the Van Compernolles that are not present in the amended complaint before this Court. *Compare* Docket No. 7 at 11–14, *with Laymance v. Shourd, et al.*, No. 4:17-CV-00303-DPM-JTR, Docket No. 23 at 14–15. Finally, binding precedent supports the Magistrate Judge's recommendation of dismissal here. Plaintiffs' malicious prosecution claim was subsumed by their Fourth Amendment claim, as a freestanding claim for malicious prosecution is not available under § 1983. *Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003) (en banc). And Plaintiffs' abuse of process claim was both conclusory and barred by the *Rooker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986); *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (finding that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments"); Docket No. 36 at 10–11.

Plaintiff's second objection is that the Report and Recommendation erroneously dismissed the Van Compernolle Defendants by evaluating Plaintiffs' claims *sua sponte*. According to Plaintiff, the Magistrate Judge "essentially advocat[ed] for the Van Compernolle Defendants with a defense not raised in their answer." Docket No. 45 at 2. But a district court may *sua sponte*

dismiss a complaint under Rule 12(b)(6) "as long as the procedure employed is fair." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citation omitted); *see generally* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (3d ed. 2020). Although fairness in this context usually "requires both notice of the court's intention and an opportunity to respond," *Carroll*, 470 F.3d at 1177, *sua sponte* dismissal without notice and opportunity to respond may be appropriate when there is no prejudice to the plaintiff because the plaintiff "make[s] the same allegations against all defendants." *Taylor v. Acxiom Corp.*, 612 F.3d 325, 330 (5th Cir. 2010). That is the case here. Plaintiffs' claims against the Van Compernolle Defendants are identical to those against moving Defendants Greg Taylor, Ronnie Foster, and Matthew Hester. *See* Docket No. 7 at 10–13. And Plaintiffs had notice and an opportunity to respond to the arguments made by the moving Defendants, which are the same arguments for dismissing the claims against the Van Compernolle Defendants. Plaintiffs have therefore suffered no prejudice. *See Taylor*, 612 F.3d at 330; *Associated Recovery v. Does 1-44*, 2018 WL 1517863, at *16–17 (N.D. Tex. Mar. 28, 2018), *aff'd sub nom. Associated Recovery L.L.C. v. Does 1-44*, 769 F. App'x 160 (5th Cir. 2019). Furthermore, Plaintiffs had an opportunity to file—and did file—objections to the Magistrate Judge's recommendation of dismissal of the Van Compernolles, further diminishing any risk of prejudice. *See, e.g.*, *Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1200 (2019); *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998).

Having reviewed de novo the portions of the Report and Recommendation to which Plaintiffs objected and having reviewed the remainder of the Report and Recommendation for clear error or abuse of discretion, the Court agrees with the Magistrate Judge. Accordingly, the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the

findings and conclusions of this Court.  All objections are **OVERRULED**.  The motion to dismiss filed by Defendants Greg Taylor, Ronnie Foster, and Matthew Hester (Docket No. 39) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Specifically, Plaintiffs' claims under the Fourth Amendment are **DISMISSED WITH PREJUDICE** as to Defendants Taylor and Hester and survive as to Defendant Foster.  Plaintiffs' other claims against Defendants Taylor, Foster, and Hester are **DISMISSED WITH PREJUDICE**.  Plaintiffs' claims against Defendants Sharon Van Compernolle and John Van Compernolle are **DISMISSED WITH PREJUDICE**.

So **ORDERED** and **SIGNED** this **11th**   day of  **June, 2020.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE